See 793a Motor Transport. Blackmore, Rec. v. P. U. C., OS. 6 Abs. 15.

**1027. RES ADJUDICATA.**

Principle of res adjudicata is adequate safeguard against double liability on uncollected judgment against husband where second judgment is taken against wife thereafter, debt being paid. Gordon v. Burrowes Co., OA. 6 Abs. 27.

**1050. RISKS.**

See 829. Negligence. Toledo Term. Ry. Co. v. Villa, OA. 6 Abs. 21.

**1085. SERVICE OF SUMMONS.**

Written waiver of, in Common Pleas, does not constitute written waiver in Court of Appeals. Rice & Co. v. Pike, OS. 6 Abs. 12.

**1103. STATE MEDICAL BOARD.**

See 920 Physicians & Surgeons. Sheward v. State. OS. 6 Abs. 14.

**1159. TAXES AND ASSESSMENTS.**

See 763 Minerals. Ross, Aud. et v. Short Creek Coal Co., OS. 6 Abs. 14.

**1167. TENDER.**

Not necessary, in order to tender furnace, to remove same or deliver at any particular place. Request to take possession and remove from building, amounts to tender. Home Furnace Co. v. Mayer, OA. 6 Abs. 22.

**1197. TRUSTS AND TRUSTEES.**

Trustees, under will, with power to manage estate and expend such portion of income as, in their opinion, may be necessary for maintenance and education of minor child, have authority to determine amount to be expended. Such amount must be paid to guardian. Miller v. Allen, OA. 6 Abs. 25.

**1247. WAIVER.**

Where consignee attached goods shipped, title to which was in bank holding bill of lading, bank filing motion to dissolve attachment without knowledge of railroad conversion, held not to have waived such conversion. Where shipper takes possession with full knowledge of railroad conversion and with intention to waive, tort is waived and waiver cannot be recalled. Penn. R. R. Co. v. Greenwald Packing Co., OA. 6 Abs. 27.

**1271. WILLS AND LEGACIES.**

Where widow elects to take under law, her rights in estate are determined and provisions of will in her behalf are superceeded. Miller v. Allen, OA. 6 Abs. 25.

**1283. WORKMEN'S COMPENSATION.**

See 456 Employer and Employe. Ohio Pub. Ser. Co. v. Sharkey, Admr., OS. 6 Abs. 14.

Employe, who has accepted compensation for injury caused by negligent act of foreman, cannot thereafter maintain action against foreman. Landrum v. Middaugh. OS. 6 Abs. 12.

---

## EPITOMIZED OPINIONS
## Published only in the Abstract

### SMITH v. STATE et.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1555. Decided March 23, 1927.

**First Publication of this Opinion.**

661. INTOXICATING LIQUOR—Denial, by accused, of knowledge that bag found on premises contained liquor, and no evidence in opposition to denial except circumstances of case, not sufficient to support conviction.

Error to Magistrate's Court.

Affirmed by Common Pleas.

Error to Common Pleas.

Judgment reversed.

Howard H. Gillard, Columbus, for Smith.

Edward H. Turner, Atty. Genl., and Herman E. Werner, Special Counsel, Columbus, for State et.

### FULL TEXT.

*BY THE COURT.*

The plaintiff in error was arrested and convicted before J. R. Holcomb, Justice of the Peace of Clinton Township, Franklin County, Ohio. Error was prosecuted to the Court of Common Pleas where the judgment of the Magistrate's Court was affirmed. Error is now prosecuted to this court. The evidence shows that the liquor in question was deposited by one Charles Green in the room of the plaintiff in error which was a part of the residence of her mother and step-father. The plaintiff in error denies that she had any knowledge of the contents of the bag in which the gin was found; that Green was a friend of her step-father, and an acquaintance of her's, and asked the privilege of depositing this bag in her room for a short while. The only evidence in opposition to her denial is the circumstances of the case. We have carefully considered all the evidence and are of the opinion that under the circumstances of the case the evidence was not sufficient to find the plaintiff in error guilty beyond a reasonable doubt and that the judgment of the magistrate should be reversed for that reason. It may be added in respect to the case of Ed Tumey, Plaintiff in error, v. State of Ohio, decided by the Supreme Court of the United States that the question as to the magistrate's jurisdiction was not raised in the Magistrate's Court here, nor was it raised or argued before this court. Consequently we express no opinion as to the effect of said decision in the Tumey case with reference to further proceedings before the magistrate.

Judge reversed and cause remanded to the magistrate for further proceedings.

(Ferneding, Kunkle and Allread, JJ., concurring.)